UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM YEAGER,

    Plaintiff,

v.                                                                            Case No. 20-cv-459-pp

WUWM 89.7 MILWAUKEE NPR
PUBLIC RADIO and NPR,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 9), DENYING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO ELECTRONICALLY FILE (DKT. NO. 9-1) AND ORDERING COMPLAINT SERVED ON DEFENDANTS**

---

On March 21, 2020, the plaintiff—representing himself—filed a complaint alleging that in the spring of 2017, the defendants defamed him. Dkt. No. 1. On March 23, 2020, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. About a week later, he added a supplement to his motion. Dkt. No. 5. The plaintiff also filed a motion asking the court to allow him to file documents using the court's electronic filing system. Dkt. No. 4.

On March 15, 2021, the court denied without prejudice both the motion for leave to proceed without prepaying the filing fee and the motion to use to the court's electronic filing system. Dkt. No. 8. The court gave the plaintiff a deadline of April 16, 2021 to file an amended motion to proceed without prepaying the filing fee. Id. at 8. The court received that amended motion on

1

April 7, 2021. Dkt. No. 9. The plaintiff also has filed an amended motion to file documents using the court's electronic filing system. Dkt. No. 9-1. The motion was attached to the plaintiff's motion for leave to proceed without prepaying the filing fee.

I.  **Amended Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 9)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff states that he is married but that neither he nor his wife are employed. Dkt. No. 9 at 1. He lists no dependents. Id. The plaintiff reports a monthly income of $770 from Social Security and lists no other income. Id. at 2. He indicates that he had $770 in his bank account at the time of filing, id. at 3, notably the same amount as his monthly Social Security income. He states that he owns a 1967 Chevy van that does not run and a 2007 Lincoln. Id. He estimates the combined value of the two vehicles to be $3,100. Id. The plaintiff also has a house with a tax appraised value of $10,170; he says that he has $7,000-10,000 of equity in the home. Id. He reports no other property of value. Id. at 4.

The plaintiff has no monthly rent or mortgage costs as his house is paid off[1] and he makes no car payments. Id. at 3. He reports monthly payments

---

[1] The plaintiff explained that he owns the house free and clear because it was left to him by his grandmother. Dkt. No. 9-1 at 2.

2

between $75 and $175 for electricity, $35 and $175 for gas, $55 for internet, $75 for water and $29 for his phone. Id. at 2. He says he also paid $200 to fix his plumbing and pays to have his septic tank cleaned twice a year (he lists the cost of the septic tank cleaning as $300, but does not state whether that is per cleaning or per year). Id. at 3. Even excluding the plumbing and septic cleaning expenses, it appears that the plaintiff has monthly utility costs that average about $400. He did not include approximate grocery and clothing expenses, so the $400 amount is very low. Based on his income and monthly expenses, as well as the single month's worth of income in his bank account, the court determines that the plaintiff is not able to pay the filing fee. The court will grant the plaintiff's motion to proceed without prepaying the filing fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without *ever* paying fees."). The plaintiff must pay the filing fee over time as he is able.

II.     **Motion to File Electronically (Dkt. No. 9-1)**

The plaintiff has also filed a motion asking the court for permission to file documents electronically. Dkt. No. 9-1. In his previous motion, the plaintiff

3

also sought leave to file electronically and to have the court use his email address to send him notices and documents and stated that he already had registered for a PACER account and knows how it works. Dkt. No. 4. The court denied without prejudice the previous request based on the plaintiff's failure to explain why he needs to file electronically. Dkt. No. 8 at 12.

General Local Rule 5(a)(2) (E.D. Wis.) exempts self-represented parties from the district's electronic filing requirements. Section I(A)(1) of the court's Electronic Case Filing Policies and Procedures Manual states that parties who are representing themselves cannot file electronically unless authorized by the court. https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures. This court does not grant self-represented parties leave to file electronically absent extraordinary circumstances.

The plaintiff asserts that his circumstances are extraordinary. First, he asserts that he has an eighth-grade education, suffers from depression and must take medications that affect his mind, mood and behaviors. Dkt. No. 9-1 at 4. Second, he asserts that in the past, he suffered from shingles, which left him with serious nerve damage that his doctors have told him may never heal. Id. He says that because of the nerve damage, "any stress can easily trigger reactions and pain, deadlines and lost mail can make [him] stress." Id. Third, the plaintiff asserts that because of the COVID-19 pandemic, the mail does not work properly; he asserts that a postmaster suggested he not waste his money on certified mail due to postal service dysfunction. Id. Fourth, he says that to

4

Case 2:20-cv-00459-PP    Filed 04/16/21    Page 4 of 7    Document 10

send mail he must drive many miles from his small town to print and mail, which costs him money for printing, gas and postage. Id. at 5.

The court will deny the amended motion for leave to file electronically. Despite the limitations the plaintiff describes, he was able to print and mail a seventy-one-page complaint, a motion for leave to proceed without prepaying the filing fee, a motion for leave to file electronically and a supplement, as well as his magistrate judge consent form. The court issued its order requiring him to amend his application to proceed without prepaying the filing fee on March 15, 2021—it set a deadline of April 16 by which the plaintiff must file the amended motion. Dkt. No. 8. The court received the plaintiff's amended motions on April 7, 2021—more than a full week before the deadline the court had set. While the plaintiff asserts that the pandemic has impacted the U.S. mail system, the court notes that it receives many pleadings via the mail (and sends many orders via the mail) and has not encountered problems. The fact that deadlines are stressful for the plaintiff is not an extraordinary circumstance; he would face deadlines regardless of whether he filed electronically or by mail. The court does not doubt that there is a cost to filing by mail, but it is not clear why the plaintiff has to travel "many miles" to print or to mail his documents. A visit to the web site for the town of Cottonwood Falls, Kansas indicates that there is a graphics shop in town (Kansas Graphics, Inc.) and a post office. https://cwfks.org/services/. The town also has a library. https://cwfks.org/library/. The plaintiff chose to file his lawsuit in the

Eastern District of Wisconsin, even though there are NPR member stations in Emporia, Kansas, close to Cottonwood Falls. https://www.radio.net/s/kanh.

The next step in the process is for the court to order service of the plaintiff's complaint on the defendants. The defendants then will have the opportunity to answer or otherwise respond to the complaint. Until then, there is no need for the plaintiff to file anything further. If the case progresses, and the burden of mailing becomes more than the plaintiff believes he can handle, he may renew his motion.

### III. Conclusion

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying thee filing fee. Dkt. No. 9.

The court **DENIES** the plaintiff's amended motion to file electronically. Dkt. No. 9-1.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants National Public Radio (1111 North Capitol Street NE, Washington, D.C. 20002) and WUWM 89.7 NPR (111 East Wisconsin Avenue, Suit 700, Milwaukee, Wisconsin 53202) under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The

6

Case 2:20-cv-00459-PP   Filed 04/16/21   Page 6 of 7   Document 10

U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** the defendants to file a responsive pleading to the complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and for filing dispositive motions.

The plaintiff must notify the clerk of court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

Dated in Milwaukee, Wisconsin this 16th day of April, 2021.

                                        **BY THE COURT:**

                                        _____

                                        **HON. PAMELA PEPPER**
                                        **Chief United States District Judge**